**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**THOMAS P. DEFURIO,**

                             **Plaintiff,**

  vs.                                         5:21-CV-00351
                                                              (MAD/DJS)
**COMMISSIONER OF SOCIAL SECURITY,**

                             **Defendant.**

_____

**APPEARANCES:**                            **OF COUNSEL:**

**OLINSKY LAW GROUP**              **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street - Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **TIMOTHY SEAN BOLEN, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

    Plaintiff Thomas P. Defurio commenced this action on March 27, 2021, arguing that the Commissioner erroneously denied his claim for Social Security benefits. *See* Dkt. No. 1. On April 25, 2022, the Court reversed and remanded the Commissioner's underlying decision for further administrative proceedings after the parties filed a joint stipulation for remand. *See* Dkt. No. 21. Judgment was thereafter entered in Plaintiff's favor. *See* Dkt. No. 22.

    Currently before the Court is Plaintiff's motion for attorney's fees in the total amount of $11,069.56. Plaintiff's initial motion sought a total of $10,242.46, consisting of 3.1 hours of attorney time at $217.72 per hour; 37.9 hours of attorney time at $229.75 per hour; and 8.6 hours

of paralegal time at $100.00 per hour. *See* Dkt. No. 23-1 at 2. In his reply, Plaintiff sought an additional $827.10 for fees incurred in replying to Defendants' opposition, consisting of 3.6 hours of attorney time at $229.75 per hour. *See* Dkt. No. 27. Defendant opposes the motion, arguing that the fees sought are unreasonable. *See* Dkt. No. 24.

For the reasons set forth below, Plaintiff's motion for attorney's fees is granted and Plaintiff is awarded $10,720.00.

## II. DISCUSSION

**A.    Legal Standard**

The EAJA provides that

> a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In other words, "[t]o qualify for attorney's fees under the EAJA, the plaintiff must demonstrate that: (1) he is the prevailing party; (2) he is eligible to receive an award; and (3) the position of the United States was not substantially justified." *Peter P. v. Saul*, No. 5:19-CV-691, 2020 WL 4924574, *1 (N.D.N.Y. Aug. 21, 2020) (citing 28 U.S.C. § 2412(d)(1)(B)). A plaintiff must also have a net worth of less than $2,000,000 to qualify for a fee award under the EAJA. *See* 28 U.S.C. § 2412 (d)(2)(B); 12 C.F.R. § 1071.103(b)(1).

"'Any fee award under the EAJA must be reasonable.'" *Lofton v. Saul*, No. 19-CV-454, 2020 WL 858649, *1 (D. Conn. Feb. 21, 2020) (quotation omitted). "A reasonable fee is determined by 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *J.O. v. Astrue*, No. 3:11-CV-1768, 2014 WL 1031666, *1 (D. Conn.

Mar. 14, 2014) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  A district court has broad discretion when determining the reasonableness of attorney's fees and may make appropriate reductions to the fee requested as necessary.  *See Walker v. Astrue*, No. 04-CV-891, 2008 WL 4693354, *5 (N.D.N.Y. Oct. 23, 2008) (citing *Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 221 (W.D.N.Y. 2006)).  "The burden is on Plaintiff to establish that the reasonableness of 'each dollar, each hour, above zero.'"  *James M. v. Comm'r of Soc. Sec.*, No. 19-CV-1369, 2021 WL 1540503, *1 (W.D.N.Y. Apr. 20, 2021) (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986)).

**B.     Analysis**

Plaintiff claims that the requested EAJA award is appropriate because (1) he was the prevailing party; (2) his net worth did not exceed $2,000,000 at the time the action was filed; (3) his fee request is reasonable; and (4) the position of the United States was not substantially justified.  *See* Dkt. No. 23-7.  Defendant opposes Plaintiff's fee request, arguing that Plaintiff's claimed hours are unreasonable and excessive.  Dkt. No. 24. at 3.[1]

The Court finds that a slight reduction in the hours expended in this case is warranted. "Although many district courts in the Second Circuit find that twenty to forty hours is a reasonable amount of time to spend on routine Social Security cases, fees have regularly been awarded far in excess of this amount."  *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 674 (S.D.N.Y. 2010) (citation omitted).  "Factors that may justify an attorney's expenditure of over forty hours include; (1) the factual, substantive, and procedural complexity of the case; (2) the size of the administrative record; and (3) the efficacy of the attorney's efforts."  *Estrella o/b/o*

---

[1] Defendant does not challenge Plaintiff's status as a prevailing party, the hourly rates requested, or assert that the United States's position was substantially justified.

3

*M.R.E. v. Berryhill*, No. 15-CV-6966, 2017 WL 6033042, *2 (S.D.N.Y. Dec. 5, 2017) (citation omitted). It is true, as Defendant argues, that this case ultimately did not involve any complex issues, with Plaintiff's brief consisting only of a single argument commonly made in Social Security cases. *See* Dkt. No. 18.[2] However, it is clear that this brief—and the associated work done by Plaintiff's counsel—was efficacious inasmuch as the Commissioner agreed to remand this case for further proceedings soon after the brief was filed. Moreover, a large portion of the hours requested in this case—specifically, 26.6 hours—were for the review of the extensive 2,945-page administrative record. *See Robert D. v. Kijakazi*, No. 3:17-CV-00075, 2022 WL 633731, *2 (D. Conn. Mar. 4, 2022) (describing a 716-page record as typical for Social Security cases) (collecting cases).

However, the Court finds that several tasks were administrative or clerical in nature and not properly compensable under the EAJA. *See Finch v. Saul*, No. 17-CV-892, 2020 WL 1940308, *6 (S.D.N.Y. Apr. 22, 2020) ("'[P]urely clerical or secretarial tasks should not be billed under fee shifting statues regardless of who performs them'") (quotation omitted). First, Attorney Olinsky's review of various scheduling and administrative orders are non-compensable administrative tasks.[3] *See Peter P. v. Saul*, No. 5:19-CV-691, 2020 WL 4924574, *1 (N.D.N.Y. Aug. 21, 2020); *see also Keaton v. Saul*, No. 3:19-CV-1487, 2021 WL 131266, *3 (D. Conn. Jan. 14, 2021). Second, Paralegal Carosella and Havens' review and processing of "[f]iles ... from AC

---

[2] Namely, that the administrative law judge improperly evaluated the medical opinion evidence when making the residual functional capacity determination. *See* Dkt. No. 18 at 13-20.

[3] Specifically, Attorney Olinsky spent a total of 0.9 hours reviewing the following: an order reassigning the case to this Court (0.1 hours on 03/31/21); two notices of appearance (0.1 hours on 04/02/21 and 0.1 hours on 03/29/22); an order granting *in forma pauperis* status (0.1 hours on 05/04/21); four orders granting motions for extensions of time (0.1 hours on 06/30/21, 0.1 hours on 08/26/21, 0.1 hours on 12/08/21, and 0.1 hours on 02/02/22); and an order granting a stipulated remand (0.1 hours on 04/26/22). *See* Dkt. No. 23-5 at 2-3.

department" and the "FDC contract and other rep docs" are also non-compensable tasks.[4]  *See William M. v. Kijakazi*, No. 3:17-CV-1681, 2022 WL 292406, *3 (D. Conn. Feb. 1, 2022); *see also Cutajar v. Comm'r of Soc. Sec.*, No. 1:19-CV-05569, 2020 WL 2999232, *3 (S.D.N.Y. June 4, 2020)

Plaintiff requests an additional 3.6 hours of attorney time, at $229.75 per hour, for time spent replying to Defendant's objection to this motion.  *See* Dkt. No. 27.  "[A] prevailing party is entitled to compensation for the time spent litigating a fee application under the EAJA." *Pamela M. v. Comm'r of Soc. Sec.*, No. 18-CV-842, 2021 WL 5410079, *2 (W.D.N.Y. Nov. 19, 2021) (citations omitted).  The Court has carefully reviewed the time requested and finds that it is reasonable.

Finally, although Plaintiff requested that the award be made payable to his attorney, the EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).  Therefore, the attorney's fees awarded here shall be made payable directly to Plaintiff.  *See Walker v. Astrue*, No. 04-CV-891, 2008 WL 4693354, *7 (N.D.N.Y. Oct. 23, 2008) ("Therefore, the Court holds, consistent with bulk of district courts in this Circuit, that the EAJA attorney's fee award is payable directly to plaintiff").  However if, after the Court enters this award, Defendant can verify that Plaintiff owes no preexisting debt subject to offset, Defendant may make the award payable to Plaintiff's attorney pursuant to the EAJA assignment signed by Plaintiff and counsel.

Accordingly, the Court awards Plaintiff a total payment of $10,720.00, consisting of 2.5

---

[4] Specifically, these paralegals spent a total of 1.5 hours as follows: receiving, reviewing, and processing "[f]iles ... from AC department for attorney review" (0.6 hours on 02/02/21); preparing "FDC contract and other rep docs ... for client completion" (0.6 hours on 03/22/21); and reviewing for completion "FDC contract and other rep docs" (0.3 hours on 03/22/21). Dkt. No. 23-6 at 2.

hours of attorney time at $217.72 per hour; 41.2 hours of attorney time at $229.75 per hour; and 7.1 hours of paralegal time at $100.00 per hour.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for attorney's fees (Dkt. No. 23) is **GRANTED** in the amount of $10,720.00; and the Court further

**ORDERS** that, if Defendant determines that Plaintiff owes no debt that is subject to offset, this award shall be paid directly to Plaintiff's counsel; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 6, 2022
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge